UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM PAIGE,<br><br>Defendant. | CRIMINAL NO. 25-CR-212 (RC) |

### UNITED STATES' SENTENCING MEMORANDUM

William Paige conspired to submit fraudulent and misleading applications to obtain more than $500,000 in Payment Protection Program ("PPP") loans during the COVID-19 pandemic. However, once caught, Mr. Paige promptly took responsibility for his conduct through a pre-indictment plea. This spared the Government the need to seek an indictment and prepare for trial. Additionally, Mr. Paige has taken prompt steps to begin paying restitution. For these reasons, and those discussed in more detail below, the Court should impose a sentence at the bottom of the applicable guidelines range.

### I.     PROCEDURAL BACKGROUND

On July 29, 2025, the Government filed a one-count Information charging Mr. Paige with Conspiracy to Commit Bank Fraud, in violation of 18 USC § 1349. On August 12, 2025, Mr. Paige entered a guilty plea to the Information as part of a plea agreement with the United States. Sentencing has been set for December 19, 2025.

### II.    FACTUAL BACKGROUND

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020. It was intended to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of

1

relief provided by the CARES Act was the authorization of billions in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). The defendant was involved in a scheme to defraud the PPP of more than $550,000. The government refers to the Statement of Offense in this matter (ECF #7), in lieu of repeating a detailed recitation of the facts of the scheme and the defendant's role in that scheme.

### III.  THE APPLICABLE SENTENCING GUIDELINES

To determine an appropriate sentence, the Court must first accurately calculate each Defendant's advisory Sentencing Guidelines Range. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Mr. Paige and the Government agree that Mr. Paige's advisory Sentencing Guidelines Calculation is:

| Guideline | Description | Offense Level |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | +7 |
| § 2B1.1(b)(1)(H) | Loss Amount: Greater than $550,000 | +14 |
| § 3E1.1(a) | Acceptance of Responsibility | -3 |
| § 4C1.1 | Adjustment for Certain Zero-Point Offenders | -2 |
| **Total** | | 16 |

In the PSR, probation argues that an additional two-level enhancement is applicable pursuant to § 2B1.1(b)(12). Pursuant to the plea agreement, the government does not agree that the enhancement should apply. Additionally, while probation notes cases where the enhancement has been applied, there have been a number of other cases where the adjustment was not requested and it appears that it was not applied. *See United States v. Gaughn*, 21-CR-390-TSC; *United States v. Kowkabi*, 23-CR-193-RBW; *United States v. Bell*, 21-CR-284-JDB.

In accordance with the above, it is the parties' position that the Estimated Offense Level is 16. Mr. Paige's lack of criminal record places him in Criminal History Category I. The resulting advisory Guidelines range is 21 to 27 months.

### IV. The Appropriate Sentence Considering the Factors Set Forth in Section 3553(a)

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the history and characteristics of the defendant, the kinds of sentences available, the sentencing range under the guidelines, any relevant policy statements, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

Here, Mr. Paige's lack of serious criminal history, his prompt acceptance of responsibility, Mr. Paige's history and characteristics, and the need to avoid unwarranted sentencing disparities support a sentence at the bottom of the applicable sentencing guidelines range.

#### a. Nature and Circumstances

According to the SBA's Office of Inspector General, of the approximately $1.2 trillion of COVID-19 EIDL and PPP funds that were disbursed, at least 17 percent went to fraudsters. *See Covid-19 Pandemic EIDL and PPP Loan Fraud Landscape: White Paper Report 23-09*, U.S. Small Business Administration Office of Inspector General (June 27, 2023), https://www.sba.gov/sites/default/files/2023-06/SBA%20OIG%20Report%2023-09.pdf at 2.

The defendant's decision to conspire with others to benefit from COVID-19 relief programs well beyond what he was entitled was undoubtedly serious. This factor supports a sentence compliant with the advisory guidelines.

### b. History and Characteristics

The defendant has a limited criminal record and qualifies as a zero-point offender. This offense appears to be an anomaly. To the defendant's credit, unlike other similarly situated targets involved in this PPP fraud scheme, Mr. Paige promptly and fully accepted responsibility for his crime. Moreover, he has set aside a significant amount of money for an initial restitution payment to be paid immediately following sentencing. The PSR makes clear that Mr. Paige has made a significant impact on the community, and particularly the youth in the community. Overall, this factor weighs in Mr. Paige's favor.

### c. The Need to Promote Respect for the Law and Provide Just Punishment and Adequate Deterrence

Imposition of a sentence at the bottom of the Guidelines range is appropriate to promote respect for the law and to provide "adequate deterrence to criminal conduct" by others. 18 U.S.C. 3553(a)(2)(B). "Under the theory of general deterrence, the government essentially seeks to make an example of an offender through punishing him so that other potential offenders are intimidated into refraining from committing the contemplated crime." *United States v. Slatten*, 865 F.3d 767, 819 (D.C. Cir. 2017). While Mr. Paige's background and post-offense behavior gives the government little concern over the need for specific deterrence, general deterrence is particularly important here, as PPP fraud was widespread, and it is important to deter those who may seek to defraud future government programs intended to address national emergencies.

### d. Unwarranted Sentencing Disparities

Here, the most similarly situated defendant to Mr. Paige is Patrick Strauss. *See* 24-CR-374. They were part of the same scheme, and their conduct was virtually identical. Like Mr. Strauss, Mr. Paige readily accepted responsibility and helped the government save significant resources. Additionally, like Mr. Strauss, Mr. Paige has immediately begun taking steps to repay the

restitution that he will owe. In Mr. Strauss's case, the government requested a sentence at the bottom of the applicable sentencing guidelines. The Court sentenced Mr. Strauss to 48 months of probation, which included periods of home detention and home incarceration.

## V.  FORFEITURE, RESTITUTION AND SPECIAL ASSESSMENT

The government requests that the Court order $564,479.32 in restitution, all payable to the U.S. Small Business Administration, referencing loan numbers 7497388409 and 3636688604.

At sentencing, the parties will be submitting a consent order of forfeiture, which consists of a $409,479.32 money judgment. This represents the loss amount from the two fraudulent loans less the amount paid to the co-conspirator who organized the scheme.

## VI.  CONCLUSION

The government asks that the Court impose a sentence at the bottom of the advisory sentencing guidelines range.

Respectfully submitted,

JEANINE FERRIS PIRRO
United State Attorney

By:  /s/ *Joshua Gold*
Joshua Gold (DC BAR #90033536)
Assistant United States Attorney
601 D Street N.W.
Washington, D.C.  20530
Joshua.Gold@usdoj.gov
(202) 815-8965